**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 19 2013, 10:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK OLIVERO**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TYRIS D. LAPSLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1211-CR-477 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D04-1106-FD-896

**June 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Tyris D. Lapsley ("Lapsley") was convicted of Possession of Marijuana, as a Class D felony,[1] and Operating a Vehicle while Intoxicated, as a Class A misdemeanor.[2] After failing to comply with the conditions of his plea into Drug Court, he was sentenced to two years of imprisonment for Possession of Marijuana and one year of imprisonment for Operating a Vehicle while Intoxicated, run consecutively for an aggregate term of imprisonment of three years.

He now appeals. We affirm.

**Issue**

Lapsley presents a single issue for review: whether the trial court abused its discretion in identifying aggravating and mitigating factors in its sentencing statement.[3]

**Facts and Procedural History**

On June 25, 2011, Lapsley was operating a vehicle while intoxicated and in possession of marijuana after having previously been convicted of possession of marijuana.

On June 30, 2011, the State charged Lapsley with Possession of Marijuana; Operating a Vehicle while Intoxicated; and Operating a Vehicle with a Blood Alcohol Content of at

---

[1] Ind. Code § 35-48-4-11.

[2] I.C. §§ 9-30-5-2.

[3] Lapsley presents this issue in his brief as including whether his sentence is inappropriate in light of the nature of his offenses and his character. As the State notes, however, he fails to cite to applicable authority (specifically, Appellate Rule 7(B)) or present a cogent argument on this point; he has thus waived that issue on appeal. See Ind. Appellate Rule 46(a)(8)(A) (requiring citation to authority and cogent argument).

Least 0.08, as a Class C misdemeanor.[4]

Lapsley pled guilty to these charges on July 25, 2011, and was placed in the Allen County Drug Court program. Lapsley completed several of the courses of treatment and counseling required by the program; however, on August 29, 2012, he was referred for relapse prevention. On September 10, 2012, a Verified Petition to Terminate Drug Court Participation was filed. On September 11, 2012, the trial court found that Lapsley had violated the terms of the Drug Court Participation Agreement, revoked his participation in the program, and scheduled a sentencing hearing for October 15, 2012.

The sentencing hearing was conducted as scheduled. At its conclusion, Lapsley was sentenced to two years of imprisonment for Possession of Marijuana and one year of imprisonment for Operating a Vehicle while Intoxicated, with the sentences run consecutively.[5]

This appeal ensued.

**Discussion and Decision**

On appeal, Lapsley contends that the trial court abused its discretion in fixing his sentence. Specifically, Lapsley argues that the trial court "failed to properly consider certain mitigating circumstances" and inappropriately "considered aggravating circumstances that were mere recitations of prior convictions." (Appellant's Br. at 8.)

In <u>Anglemyer v. State</u>, 868 N.E.2d 482 (Ind. 2007), <u>clarified on reh'g</u>, 868 N.E.2d

---

[4] I.C. § 9-30-5-1(a).

[5] The trial court vacated his conviction for Operating a Vehicle with a Blood Alcohol Content of at Least 0.08 on double jeopardy grounds.

3

482, the Indiana Supreme Court set forth the procedure by which sentencing must occur and the standards under which we review a trial court's sentencing decision:

> To summarize, the imposition of sentence and the review of sentences on appeal should proceed as follows:
>
> 1. The trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence.
>
> 2. The reasons given, and the omission of reasons arguably supported by the record, are reviewable on appeal for abuse of discretion.
>
> 3. The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse.
>
> 4. Appellate review of the merits of a sentence may be sought on the grounds outlined in Appellate Rule 7(B).

Id. at 491.

Thus, to the extent Lapsley contends that the trial court erred "by failing to enter a sentencing statement, entering a sentencing statement that explains reasons for imposing a sentence which the record does not support, omitting reasons that are clearly supported by the record and advanced for consideration, or giving reasons that are improper as a matter of law," we review his claims for an abuse of discretion. Anderson v. State, 961 N.E.2d 19, 32 (Ind. Ct. App. 2012), trans. denied. An abuse of discretion occurs when the trial court reaches a decision clearly against the logic and effects of the facts and circumstances before it. Id. However, the relative weight the trial court assigns to specific mitigating factors is not subject to appellate review. Anglemyer, 868 N.E.2d at 491.

We find no abuse of discretion here.

We turn first to Lapsley's contention that the sentencing statement did not adequately

4

address the trial court's use of his prior convictions as aggravating factors. Prior criminal conduct is among the aggravating circumstances a trial court may consider in imposing a sentence. I.C. § 35-38-1-7.1(a)(2). At sentencing, Lapsley had six prior misdemeanor convictions and three prior felony convictions, and was facing pending criminal charges in Allen and Whitley Counties. The trial court addressed these, noted that several of these convictions were related to Lapsley's substance abuse problems, and observed that while Lapsley had been afforded numerous opportunities for rehabilitation, he had failed to take advantage of them. We cannot conclude that the trial court's sentencing statement was unclear in this regard.

As to Lapsley's argument that the trial court did not "properly consider the time Mr. Lapsley spent in the Drug Court Program," this contention amounts to a request that we review the weight the trial court placed on that mitigating circumstance. Such matters are outside the scope of appellate review, however, and so we decline Lapsley's invitation to engage in such a review. See Anglemyer, 868 N.E.2d at 491. So, too, we decline Lapsley's claim that the trial court failed to consider his substance abuse as a mitigating factor— because the trial court found that it was an aggravating circumstance, and this finding comports with the evidence and argument presented during sentencing.

Having found no error in the trial court's sentencing statement, we affirm the trial court's order sentencing Lapsley to an aggregate sentence of three years imprisonment.

Affirmed.

NAJAM, J., and BARNES, J., concur.

5